862 F.2d 1534
 130 L.R.R.M. (BNA) 2493, 110 Lab.Cas. P 10,880
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 84,
Plaintiff, Counter-Defendant-Appellant, Cross-Appellee,
v.
SAWNEE ELECTRIC MEMBERSHIP CORPORATION, Defendant,
Counter-Claimant-Appellee, Cross-Appellant.
 No. 88-8113.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 12, 1989.
 
 J. Michael Walls, Atlanta, Ga., for plaintiff, counter-defendant-appellant, cross-appellee.
 Clifford H. Nelson, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant, counter-claimant-appellee, cross-appellant.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before HILL and JOHNSON, Circuit Judges and NICHOLS*, Senior Circuit Judge.
 HILL, Circuit Judge:
 
 I. FACTS
 
 1
 Most of the facts surrounding this case were stipulated by the parties for the purposes of their cross-motions for summary judgment.
 
 
 2
 The company and the union are parties to a collective bargaining agreement (Agreement) which was in full force and effect at all times material to this action. The Agreement provides employees with certain contractual rights regarding protection against layoffs or discharge, and provides procedures relating to grievances.
 
 
 3
 Article VII of the Agreement provides in pertinent part:
 
 ARTICLE VII
 Disciplinary Matters
 
 4
 The Employer shall have the right to discharge or otherwise discipline any employee for:
 
 
 5
 7. Neglect of duty, disorderly conduct, dishonesty, falsifying time records or reports or sleeping on duty.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 The degree of disciplinary action to be administered shall be determined by the Employer and shall not be subject to modification by any arbitrator. The Employer shall have the right to discharge or discipline employees for just causes other than those specifically enumerated above. Any dispute over discharge or a disciplinary action for alleged "just cause" other than one of those offenses mentioned above may be submitted to the grievance and arbitration procedure provided herein, and the arbitrator may determine the reasonableness of the cause of discipline as well as the reasonableness of the disciplinary action administered.
 
 
 9
 Article VIII of the Agreement provides in pertinent part:
 
 ARTICLE VIII
 Grievance and Arbitration
 
 10
 Should differences arise between the Employer and the Union or any employee of the Employer as to the meaning or application of the provisions of this Agreement, such differences shall be settled in the [manner set forth in this Article].
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 7. The jurisdiction and authority of the arbitrator and his opinion or award shall be exclusively limited to the interpretation and specific application of the written provisions of the Agreement.... The arbitrator shall have authority only to interpret and apply the provisions of this Agreement which will constitute the basis on which his decision shall be rendered.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 10. There shall be no appeal from an arbitrator's decision. It shall be final and binding on the Union, on all bargaining unit employees and on the Employer.[1]
 
 
 17
 This action arose as the result of the dismissal of George Hermann, an employee covered by the above Agreement. On February 19, 1986, Hermann and another Sawnee employee came upon an accident involving one of the company's trucks. The driver of the disabled vehicle was a co-employee named Marty Martin. After several minutes, more company employees arrived at the accident scene, one of whom was a foreman, Jackie Deyton. At that time, Martin informed Deyton that he did not have a valid driver's license. Evidently thinking that Martin's failure to have a valid driver's license could void the company's insurance coverage, Martin and Deyton took it upon themselves to "rearrange the facts." Deyton asked Hermann if he would tell the police that he was the driver of the truck. Hermann agreed to lie about being the driver of the truck. As requested, Hermann told police officers that he had been the driver of the truck, and he also provided false information for an internal accident report.
 
 
 18
 Following an investigation of the matter, the company discharged Hermann. Hermann was terminated directly as a result of the events surrounding Marty Martin's accident, specifically his admitted involvement in reporting a false version of the incident to local authorities and the company. Hermann then filed a grievance protesting his discharge.
 
 
 19
 The Union and the company agreed to submit the grievance to an arbitrator on two narrow, stipulated grounds. The two issues presented to the arbitrator were:
 
 
 20
 Whether the procedural requirements set out in Article VIII of the grievance and arbitration procedures, most notably, step 1, have been complied with, and, if not, whether that failure precludes the arbitrator from assuming jurisdiction in the case?
 
 
 21
 Whether the grievant, Mr. Hermann, was disciplined for having engaged in conduct listed in Article VII, and if so, whether the contract language bars the arbitrator from assessing the propriety of the actual discipline that was imposed?
 
 
 22
 The first issue stipulated for arbitration dealt with the timeliness of Hermann's grievance and was decided favorably to Hermann. The parties do not contest that finding. The second issue concerned the arbitrability of the substance of Hermann's discharge grievance. The arbitrator found that if Hermann had committed the offense with which he was charged, the contract language would bar an arbitrator from assessing the propriety of the discipline imposed. However, the arbitrator found that the grievance was arbitrable in that an arbitrator may determine whether Hermann had committed one of the enumerated offenses of Article VII. The company refused to submit the grievance concerning Hermann's discharge to an arbitrator. The union then filed this action to compel arbitration.
 
 
 23
 The district court granted the union's motion for summary judgment and ordered the company to submit the grievance to arbitration. In its order, the district court held that the arbitrator has authority to resolve disputes concerning the interpretation of the Agreement. Here, the parties dispute the meanings of words and phrases used in Article VII. The district court made clear that the arbitrator does not have authority to evaluate whether there was "just cause" for discharge, but rather the arbitrator may decide only whether the employee's action constituted "dishonesty" or "falsifying time records or reports," as these terms are used in the Agreement. Both parties appeal from the judgment.
 
 II. DISCUSSION
 
 24
 On appeal, the union urges this court to reverse the order of the district court to the extent that it places restrictions on the discretion and authority of the arbitrator. On cross-appeal, the company urges this court to reverse the order of the district court completely, there being no further issue to arbitrate. The company contends that in the stipulated facts, Hermann admits to engaging in conduct violative of Article VII. As pointed out by the arbitrator at the initial grievance hearing, if the grievant committed an Article VII offense, then the contract language would bar the arbitrator from assessing the propriety of the actual discipline imposed. The issue before us is whether the stipulated conduct, as a matter of fact, constitutes an Article VII offense. If so, the contract language bars arbitration of the discipline imposed. If not, the issue of whether the employee's conduct constitutes an Article VII offense is proper for arbitration.
 
 
 25
 We find that the contract language at issue, "dishonesty" and "falsifying time records or reports," may be ambiguous. We cannot say, as a matter of fact, that the stipulated conduct constitutes an Article VII offense. The role of the arbitrator is to interpret the contract language. Therefore, we agree with the district court that an arbitrator should decide whether Hermann's actions, as stipulated by the parties, constituted "dishonesty" or "falsifying time records or reports," as these terms are used in the Agreement. We also agree with the district court that the arbitrator does not have authority to evaluate whether there was "just cause" for discharge.
 
 
 26
 With respect to the union's argument that the company is estopped from using "dishonesty" as a ground for discharge because the reason given for termination was "falsifying records," we point out that the parties stipulated that "Hermann was terminated directly as a result of the events surrounding Marty Martin's accident, including Hermann's role in reporting the incident to authorities and filling out Company reports concerning the accident." Both "dishonesty" and "falsifying time records or reports" would be covered under the stipulated reasons for discharge. Therefore, the union's estoppel argument must fail.
 
 
 27
 For the reasons stated above, the order of the district court, compelling arbitration, is AFFIRMED.
 
 
 
 *
 Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 At the initial arbitration hearing, the parties agreed that Article VIII, p 10 should not be interpreted to restrict access to a court of law to obtain judicial review of the arbitrator's decision